UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-62871

FIX-A-FLOOR WORLDWIDE, INC.,

a Florida Profit Corporation,

    Plaintiff,

v.

REPTILE ADHESIVE LLC,

a Florida Limited Liability Company,

    Defendant.

_____/

# COMPLAINT

**COMES NOW**, Plaintiff, Fix-A-Floor Worldwide, Inc. (hereinafter "Fix-A-Floor" or "Plaintiff"), through its undersigned counsel in the above-styled cause, and hereby sues Defendant Reptile Adhesive LLC ("Defendant") for trademark counterfeiting and infringement pursuant to 15 U.S.C. § 1114 and Federal unfair competition and violation of the Anti-Cybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125. To that end, Fix-A-Floor alleges as follows:

## INTRODUCTION

1. This is an action in law and equity for trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114, and for Federal unfair competition and violations of the Anti-Cybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125. This action arises from Defendant's repeated, willful, and egregious misappropriation of Fix-A-Floor's federally

1

registered "FIX-A-FLOOR" trademark (the "Registered Mark"), U.S. Trademark Registration No. 5,805,012. *See* **Exhibit A** (Registration Certificate).

2. Fix-A-Floor's first use in commerce of the Registered Mark dates back to April 16, 2012. Specifically, the Registered Mark is used in connection with the sale of "adhesives for floor, ceiling and wall tiles." *See* **Exhibit A**.

3. Since at least June of 2018, Defendant has been participating in a pattern of intentional behavior aimed at capitalizing on Fix-A-Floor's reputation, goodwill, and customer base and misleading consumers into purchasing Defendant's adhesive products. Defendant's pattern and practice of offering for sale and selling various products featuring the Registered Mark or confusingly similar variants thereof must end. Defendant's misuse of the Registered Mark in association with selling Defendant's products has been willful, intentional, and damaging to Fix-A-Floor, significantly injuring Fix-A-Floor's hard-earned reputation and goodwill.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and as set forth in paragraph 7 of this Complaint.

## PARTIES

6. Plaintiff Fix-A-Floor is a corporation incorporated under the laws of the state of Florida with its principal place of business at 1225 N.E. Savannah Road, Unit #101 Jensen Beach, FL 34957. It is deemed a citizen of Florida for purposes of 28 U.S.C. § 1332(c).

7.     Defendant Reptile is a company incorporated under the laws of the state of Florida with its principal place of business at 660 N.E. Ocean Blvd. Stuart, FL 34996. It is deemed a citizen of Florida for purposes of 28 U.S.C. § 1332(c).

## FACTUAL ALLEGATIONS

8.     One of Fix-A-Floor's products, marketed under the Registered Mark, is an extra-strength bonding adhesive customized for the specific use of re-bonding loose and hollow tile, marble, stone & creaky wood floors without the expense and mess of removing or replacing them. Said product, namely the method of using the same, is embodied in U.S. Patent No. 9,151,066 ("the 066 Patent") issued on October 6, 2015. *See* [U.S. Patent No. 9,151,066](U.S. Patent No. 9,151,066).

9.     In connection with the sale and advertisement of these adhesive products, Fix-A-Floor has been using the Registered Mark in commerce since April 16, 2012. The Registered Mark has been registered on the Principal Register since July 16, 2019.

10.    Also like Fix-A-Floor, Defendant sells a loose tile adhesive and craft adhesive for the repair of loose, hollow, and tenting tiles. Defendant's principal place of business is in Stuart, Florida, while Fix-A-Floor's principal place of business is in Jensen Beach, Florida. As such, Defendant is a direct competitor of Fix-A-Floor's in the adhesive industry and the Parties are located in the same geographic region.

11.    As documented in Defendant's corporate information, Cynthia Ramsey ("Ramsey") is the Manager and Registered Agent for Defendant. *See* **Exhibit B**.

12.    Ramsey is also listed as the Registrant Contact for Defendant's domain, [www.fix-a-floor.com](www.fix-a-floor.com) (hereinafter referred to as the "Domain"), with Defendant listed as the organization. *See* **Exhibit C** (WHOIS domain information for the Domain).

13.    On December 2, 2018, Defendant purchased the Domain. *See* **Exhibit C**.

14.     Generating sales of the adhesive products through the Internet, namely through domains including the Registered Mark, is important and valuable to Fix-A-Floor, and is also likely to confuse consumers if the source or affiliation behind said domain including the Registered Mark is not Fix-A-Floor.

15.     Although Defendant's corporate name is Reptile Adhesive LLC, the Domain incorporates an identical and spurious use of the Registered Mark, wherein selection of the Domain routes consumers seeking Fix-A-Floor to www.reptileadhesive.com. *See* **Exhibit D**.

16.     Specifically, to access Defendant's website, consumers must type Fix-A-Floor's name and Registered Mark into their browser. Upon typing www.fix-a-floor.com, users are directed to Defendant's website and domain, even though the domain name is identical to Fix-A-Floor's name and the Registered Mark. *See* https://www.youtube.com/watch?v=jvmA5Ul7qgc&feature=youtu.be (video documenting how entry of www.fix-a-floor.com into one's browser redirects the user to Defendant's website).

17.     Once the user hits "enter" and is redirected to Defendant's website, the website name in the browser appears as www.reptileadhesive.com, reflecting Defendant's actual commercial name. *See* **Exhibit D**.

18.     In addition to this, Defendant has also used other misleading and deceptive tactics designed to unfairly compete in the marketplace, including stating on its product descriptions that the net quantity of its 10-ounce adhesive tube is "10.6 oz." *See* **Exhibit E**. In reality, this measurement is physically impossible and factually inaccurate, as evidenced by the fact that the packaging on the product itself properly lists the net quantity as 10 ounces, instead of 10.6 ounces.

19.     Another documented instance of Defendant's deceptive tactics occurred in early 2019, when Defendant used "Just Drill It & Fill It!!!!" on their website, in violation of Fix-A-

4

Floor's common law trademark rights. Fix-A-Floor had been using "Just Drill & Fill!" in commerce in connection with its adhesive products since April 1, 2012 and retained the undersigned counsel to send Defendant a cease and desist letter with regard to use of said mark. *See* **Exhibit E**. The mark "Just Drill & Fill!" is also now a registered trademark. *See* U.S. Reg. No. 5,851,511.

20.     Defendant's intent to willfully engage in the conduct referenced herein is further exemplified by Defendant's (through the apparent actions of Ramsey) repeated harassment of Fix-A-Floor and Defendant's online statements and conduct that it is pointedly visible to potential and existing consumers in the marketplace for the Parties:

i.      A social media photo depicting Ramsey standing outside Fix-A-Floor's warehouse, accompanied by the following note: "Sometimes you just have to take a picture with two tubes of Reptile Premium Loose Tile Adhesive in front of a random warehouse in Jensen Beach!"

ii.     A YouTube video posted on Defendant's YouTube page, depicting Ramsey constructing a "Biggest Fan Award" for "one of our biggest fans, Tracy H," referring to Fix-A-Floor's President Tracy Hilton ("Hilton");

iii.    An email sent to Hilton by Ramsey and containing the following derogatory message: "How did your open house go? I hope it all went well. I would have made an appearance but it just wasn't possible. Will you be moving back to your trailer?" *See* **Exhibit F**. This was a particularly unsettling message for Hilton in light of the fact that she and her family had never spoken to Ramsey about the sale of their family home or any of the details surrounding the sale; and

   iv. A comment posted by Defendant on one of Fix-A-Floor's YouTube videos directing consumers to buy Defendant's adhesive products and stating, "@Fix-A-Floor Worldwide, Inc. I know for a fact that YOU stole all your ideas from Arlene and Arthur DiStefano, the original inventor of the tile injection method US patent #5,000,890. Arthur and Arlene also started the original company Inject-a-Floor Systems, which you blatantly copied the name down to the dashes in between the words (how original is that?). They were the FIRST to sell adhesive for tile injection. After Arthur died you offered to buy Arlene out and when she refused your piddly money, you stole every idea that they first came up with. Also your "Patent" is a direct steal of Arthur's patent adding a graduated tip which has been sold and used in the public domain for years. How is your Gator Poo going by the way? 😊" *See* https://www.youtube.com/watch?v=6L5suBwcUjI and **Exhibit F**.

21. As a direct result of Defendant's actions, Fix-A-Floor has also documented actual consumer confusion, including a call from a customer on October 4, 2019, asking if Fix-A-Floor and Defendant were the same or a related entity, after the customer typed www.fix-a-floor.com into their browser and was directed to Defendant's website.

22. Further, on June 8, 2018, Fix-A-Floor first learned of the Defendant's existence with respect to the selling of adhesive products which seemed to infringe on the 066 Patent.

23. To that end, Defendant has had actual knowledge of Fix-A-Floor's business and Fix-A-Floor's use of the FIX-A-FLOOR Mark since at least June 8, 2018, when Fix-A-Floor communicated with Defendant via email concerning Defendant's possible infringement of the 066 Patent. *See* **Exhibit G** (Fix-A-Floor's email to Defendant and Defendant's response via its legal counsel).

24. Despite this knowledge, Defendant continues to operate its website and use the Domain for commercial and improper purposes, i.e., capitalizing on Registered Mark, confusing consumers as to the source or affiliation of the Registered Mark and Fix-A-Floor's products, and capitalizing on Fix-A-Floor's customer base and goodwill.

25. At no time did Fix-A-Floor, or any of its authorized agents, employees, or representatives, grant Defendant permission to use the Registered Mark or the Domain.

26. Due to Defendant's pattern of unlawful conduct, Fix-A-Floor was forced to retain the undersigned firm in representing it in this matter.

## COUNT I — Trademark Counterfeiting
## (15 U.S.C. § 1114)

27. Fix-A-Floor repeats and re-alleges paragraphs 1 through 26 as though fully set forth herein.

28. The mark used by Defendant, "fix-a-floor" in www.fix-a-floor.com, is identical and substantially indistinguishable from Fix-A-Floor's Registered Mark which is registered on the Principal Register of the United States Patent and Trademark Office, U.S. Trademark Registration No. 5,805,012. *See* **Exhibit A** (Registration Certificate).

29. Defendant affixed the Registered Mark without Fix-A-Floor's permission or consent.

30. Defendant used Fix-A-Floor's Registered Mark in the sale, offering for sale, distribution, or advertising of goods that are covered by Fix-A-Floor's trademark registration, specifically, adhesives for floor, ceiling, and wall tiles.

31. Defendant knew that the Registered Mark was registered by Fix-A-Floor and, at the very least, knew that its use of the Registered Mark was the same or substantially indistinguishable from the Registered Mark.

32. Defendant knowingly and purposefully capitalized on and appropriated for itself the goodwill, reputation, and customer base of Fix-A-Floor, as demonstrated by Defendant's repeated pattern of harassment and attempts at diverting Fix-A-Floor's customers away from Fix-A-Floor's website.

33. As a direct result of Defendant's actions, Defendant received a benefit, in the form of sales and customers, to which it is not entitled.

WHEREFORE, Fix-A-Floor, by and through the undersigned, hereby respectfully demands judgment against Defendant, Reptile Adhesive LLC, said judgment which should include provisions:

A. Granting an injunction restraining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation FIX-A-FLOOR or similar terms; (2) the Internet domain name www.fix-a-floor.com; (3) any other designation that is likely to cause confusion with or dilution of the distinctiveness of Fix-A-Floor's Registered Mark or injury to Fix-A-Floor's business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendant's business and/or products and/or services are in any way associated with or related to Fix-A-Floor or its products and/or services;

B. Ordering Defendant to relinquish all rights in the Internet domain name www.fix-a-floor.com; and directing any other party in position to do so, i.e., the Registrar of the Domain, Network Solutions, LLC, to transfer the Domain to Fix-A-Floor;

C. Directing Defendant to account to Fix-A-Floor for any and all profits derived by it from the sale of products or services through the use of the infringing mark or the Domain;

D. Awarding to Fix-A-Floor damages sustained by reason of Defendant's counterfeiting and adequate to compensate Fix-A-Floor, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

E. Awarding to Fix-A-Floor exemplary damages for Defendant's willful and malicious trademark counterfeiting pursuant to 15 U.S.C. § 1117;

F. Awarding to Fix-A-Floor its reasonable attorneys' fees for Defendant's willful and malicious trademark counterfeiting pursuant to 15 U.S.C. § 1117;

G. Finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the mark, Fix-A-Floor, or any mark(s) confusingly similar to the Fix-A-Floor mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

H. Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Fix-A-Floor;

I. Awarding remuneration of Fix-A-Floor's costs and expenses for Fix-A-Floor to investigate, prepare and prosecute this action; and/or

J. For such further and additional relief this Court deems just and proper under the circumstances.

## COUNT II — Cybersquatting

**(15 U.S.C. 1125(d))**

34. Fix-A-Floor repeats and re-alleges paragraphs 1 through 26 as though fully set forth herein.

35. Defendant has used the Domain, which is identical to Fix-A-Floor's Registered Mark.

36. Defendant has engaged in transactions including, but not limited to, sales and purchases of adhesive products using the Domain.

37. Defendant is the registrant organization of the subject domain name.

38. Ramsey is the registrant's authorized agent and the registrant contact of the Domain.

39. As evidenced by the registration of Fix-A-Floor's Mark on the Principal Register, the Mark was distinctive at the time of Defendant's registration of its domain name on December 2, 2018. *See* **Exhibit D**.

40. Defendant does not have trademark rights in the Domain.

41. The Domain does not consist of Defendant's legal name or a name that is otherwise commonly used to identify Defendant.

42. The Domain consists of Fix-A-Floor's legal name or a name that is otherwise commonly used to identify Fix-A-Floor.

43. Defendant intended to divert consumers from Fix-A-Floor's website, www.fixafloorworldwide.com, to a site that is accessible under Defendant's domain name, specifically, the Domain.

44. Defendant's website and the Domain are used for commercial gain.

45. Defendant's website and the Domain could harm the goodwill represented by the Registered Mark.

46. Defendant intends to tarnish or disparage Fix-A-Floor's Registered Mark.

47. The Domain creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Domain, and resulting website, with Fix-A-Floor.

48. Defendant knowingly and purposefully capitalized on and appropriated for itself the goodwill, reputation, and customer base of Fix-A-Floor, as demonstrated by Defendant's repeated pattern of harassment and attempts at diverting Fix-A-Floor's customers away from Fix-A-Floor's website.

49. Fix-A-Floor has been damaged by Defendant's unlawful use of the Domain and will suffer irreparable harm if said Domain is not enjoined.

50. Defendant's acts, as aforesaid, are in violation of the Anti-Cybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

WHEREFORE, Fix-A-Floor, by and through the undersigned, hereby respectfully demands judgment against Defendant, Reptile Adhesive LLC, said judgment which should include provisions:

A. Granting a preliminary and permanent injunction restraining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation FIX-A-FLOOR or similar terms; (2) the Internet domain name www.fix-a-floor.com; (3) any other designation that is likely to cause confusion with or dilution of the distinctiveness of Fix-A-Floor's FIX-A-FLOOR Mark or injury to Fix-A-Floor's business reputation;

11

or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendant's business and/or products and/or services are in any way associated with or related to Fix-A-Floor or its products and/or services;

B. Ordering Defendant to relinquish all rights in the Internet domain name www.fix-a-floor.com; and directing any other party in position to do so, i.e., the Registrar of the Domain, Network Solutions, LLC, to transfer the Domain to Fix-A-Floor;

C. Awarding to Fix-A-Floor damages sustained by reason of Defendant's conduct and adequate to compensate Fix-A-Floor, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

D. Awarding to Fix-A-Floor exemplary damages for Defendant's willful and malicious conduct;

E. Awarding to Fix-A-Floor its reasonable attorneys' fees for Defendant's willful and malicious conduct;

F. Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Fix-A-Floor;

G. Awarding remuneration of Fix-A-Floor's costs and expenses for Fix-A-Floor to investigate, prepare and prosecute this action; and/or

H. For such further and additional relief this Court deems just and proper under the circumstances.

## **COUNT III — Unfair Competition**
## **(15 U.S.C. 1125(a))**

51. Fix-A-Floor repeats and re-alleges paragraphs 1 through 26 as though fully set forth herein.

52. Fix-A-Floor's Registered Mark is entitled to protection under Section 43(a) of the Lanham Act.

53. Defendant's use of the Domain and promotion of a mark confusingly similar to the Registered Mark to identify Defendant's products has already caused confusion and is likely to continue to cause mistake, or to deceive as to the affiliation, connection, or association of Fix-A-Floor with Defendant, or as to the origin, sponsorship or approval by Fix-A-Floor of Defendant's goods and services.

54. Defendant's use of the Registered Mark, by maintaining and operating the Domain also constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

55. Defendant's use of the designation www.fix-a-floor.com is without Fix-A-Floor's consent or permission.

56. Fix-A-Floor has been damaged by Defendant's use of the Registered Mark and will suffer irreparable harm.

WHEREFORE, Fix-A-Floor, by and through the undersigned, hereby respectfully demands judgment against Defendant, Reptile Adhesive LLC, said judgment which should include provisions:

A. Granting a preliminary and permanent injunction restraining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation FIX-A-

  FLOOR or similar terms; (2) the Internet domain name www.fix-a-floor.com; (3) any other designation that is likely to cause confusion with or dilution of the distinctiveness of Fix-A-Floor's Registered Mark or injury to Fix-A-Floor's business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendant's business and/or products and/or services are in any way associated with or related to Fix-A-Floor or its products and/or services;

B. Ordering Defendant to relinquish all rights in the Internet domain name www.fix-a-floor.com; and directing any other party in position to do so, i.e., the Registrar of the Domain, Network Solutions, LLC, to transfer the Domain to Fix-A-Floor;

C. Directing Defendant to account to Fix-A-Floor for any and all profits derived by it from the sale of products or services through the use of the infringing mark and/or the Domain;

D. Awarding to Fix-A-Floor damages sustained by reason of Defendant's unfair competition and adequate to compensate Fix-A-Floor, including awarding any lost profits;

E. Awarding to Fix-A-Floor exemplary damages for Defendant's willful and malicious conduct;

F. Awarding to Fix-A-Floor its reasonable attorneys' fees for Defendant's willful and malicious conduct;

G. Finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the mark, Fix-A-Floor, or any

      mark(s) confusingly similar to the Fix-A-Floor mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

H. Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Fix-A-Floor;

I. Awarding remuneration of Fix-A-Floor's costs and expenses for Fix-A-Floor to investigate, prepare and prosecute this action; and/or

J. For such further and additional relief this Court deems just and proper under the circumstances.

## COUNT IV — Federal Trademark Infringement
## (15 U.S.C. § 1114(1))

57. Fix-A-Floor repeats and re-alleges paragraphs 1 through 26 as though fully set forth herein.

58. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

59. Fix-A-Floor's mark is federally registered. *See* **Exhibit A**.

60. This registration also enjoys a statutory presumption of validity, ownership of the Registered Mark, and Fix-A-Floor's exclusive right to use the Registered Mark in connection with Fix-A-Floor's goods and services.

61. Defendant's unauthorized use of the Registered Mark on or in connection with the advertising and sale of adhesive products, as described above, constitutes infringement of Fix-A-Floor's Registered Mark in commerce.

62. Defendant's unauthorized use of the Registered Mark is spurious.

63. Defendant's unauthorized use of the Registered Mark is likely to cause confusion, mistake, or deception; cause the public to believe that Defendant's products and services emanate or originate from Fix-A-Floor when they do not; or that Fix-A-Floor has authorized, sponsored, approved or otherwise associated itself with the Defendant or its products sold through the Domain.

64. Defendant's unauthorized use of the Registered Mark has resulted in the Defendant unfairly and illegally benefitting from Fix-A-Floor's goodwill.

65. This conduct has caused substantial and irreparable injury to Fix-A-Floor, the Registered Mark, and the substantial goodwill represented thereby.

66. Accordingly, Defendant has engaged in trademark infringement in violation of 15 U.S.C. § 1114.

67. Fix-A-Floor has been damaged by Defendant's unlawful actions and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Fix-A-Floor, by and through the undersigned, hereby respectfully demands judgment against Defendant, Reptile Adhesive LLC, said judgment which should include provisions:

A. Granting a preliminary and permanent injunction restraining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from using, on or in connection

with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation FIX-A-FLOOR or similar terms; (2) the Internet domain name www.fix-a-floor.com; (3) any other designation that is likely to cause confusion with or dilution of the distinctiveness of Fix-A-Floor's Registered Mark or injury to Fix-A-Floor's business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendant's business and/or products and/or services are in any way associated with or related to Fix-A-Floor or its products and/or services;

B. Ordering Defendant to relinquish all rights in the Internet domain name www.fix-a-floor.com; and directing any other party in position to do so, i.e., the Registrar of the Domain, Network Solutions, LLC, to transfer the Domain to Fix-A-Floor;

C. Directing Defendant to account to Fix-A-Floor for any and all profits derived by it from the sale of products or services through the use of the infringing mark or the Domain;

D. Awarding to Fix-A-Floor damages sustained by reason of Defendant's infringement and adequate to compensate Fix-A-Floor, including awarding any lost profits;

E. Awarding to Fix-A-Floor exemplary damages for Defendant's willful and malicious conduct;

F. Awarding to Fix-A-Floor its reasonable attorneys' fees for Defendant's willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

G. Finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the mark, Fix-A-Floor, or any

mark(s) confusingly similar to the Fix-A-Floor mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

H. Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Fix-A-Floor;

I. Awarding remuneration of Fix-A-Floor's costs and expenses for Fix-A-Floor to investigate, prepare and prosecute this action; and/or

J. For such further and additional relief this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Fix-A-Floor demands a trial by jury for all issues so triable.

Dated: November 19, 2019                              Respectfully submitted,

/s/ Mark C. Johnson
Mark C. Johnson (FBN: 84365)
Email: MJ@JohnsonDalal.com
Abdul-Sumi Dalal (FBN: 84110)
Email: AD@JohnsonDalal.com
**JOHNSON | DALAL**
*Attorneys for Plaintiff*
111 N. Pine Island Road
Suite 103
Plantation, Florida 33324
Telephone: (954) 507-4500
Facsimile: (954) 507-4502